Marc Antwain X. Rivers **MUHAMMAD,**
**Sr., Appellant**

v.

Vincent **CAPPELLINI, Court appointed**
**counsel; Luzerne County Children**
**Youth Services Orphans Court; Lu-**
**zerne County Court of Common Pleas**
**Orphans Court; Superior Court of**
**Pennsylvania; John A. Bellino,**
**Guardian ad Litem; Gerry Lynn But-**
**ler, Case Worker; Supreme Court of**
**Pennsylvania.**

No. 13–2106.

United States Court of Appeals,
Third Circuit.

Submitted By the Clerk for Possible Dis-
missal

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and

Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Aug. 22, 2013.

Opinion filed: Sept. 5, 2013.

Before: AMBRO, SMITH and
CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Marc Antwain X. Rivers Muhammad,
Sr., proceeding pro se, appeals from the
District Court's order denying his "Motion
for Federal Injunctive Relief & Damages
Pursuant to § 1983" and dismissing the
claims raised therein. Because this appeal
does not present a substantial question, we
will summarily affirm. *See* Third Cir.
LAR 27.4; I.O.P. 10.6.

## I.

In November 2010, Muhammad filed a
pro se complaint in the United States Dis-
trict Court for the Middle District of
Pennsylvania alleging various constitution-
al violations in connection with his paren-
tal termination proceedings in the Luzerne
County Court of Common Pleas, Orphans'
Court Division (LCCCP). The District
Court dismissed the complaint, and, upon
review, this Court affirmed the District
Court's order. *Muhammad v. Cappellini,*
477 Fed.Appx. 935 (3d Cir.2012).

Muhammad subsequently returned to
the District Court and filed a "Motion for
Federal Injunctive Relief & Damages
Pursuant to § 1983" raising new claims
against new parties in connection with his
parental termination proceedings in the
LCCCP. Specifically, Muhammad alleged

that: (1) the LCCCP and former LCCCP Judge Michael Conahan deprived him of his Fourteenth Amendment Due Process rights and First Amendment rights of free speech and to petition the government for redress of grievances; and (2) the Superior Court of Pennsylvania and the judges who reviewed the termination proceedings—the Honorable Kate Ford Elliott, the Honorable Jacqueline O. Shogan, and the Honorable Robert E. Colville—deprived him of his Fourteenth Amendment Due Process rights by failing to address the merits of his ineffective assistance of counsel claim. Muhammad requested that the District Court enter an order vacating the LCCCP's order terminating his parental rights as well as the Pennsylvania Superior Court's order affirming that decision. He also demanded immediate physical and legal custody of his son and $50 million in damages.

The District Court construed the motion as a new complaint, reviewed it pursuant to 28 U.S.C. § 1915(a)(2), and dismissed the claims raised therein on immunity grounds. Specifically, the District Court found that the LCCCP and the Superior Court of Pennsylvania, as well as the judicial defendants, were immune from suit under the Eleventh Amendment. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir.2005) (explaining that Commonwealth courts and judicial defendants are entitled to Eleventh Amendment immunity); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir.2006) (explaining that judicial officers acting in their official capacity are immune from suit). This appeal followed.

## II.

We will summarily affirm the District Court's order. The District Court fairly construed the pro se filing as a new complaint and correctly concluded that Mu-hammad had failed to state a claim upon which relief could be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). We refer the parties to the District Court's thorough opinion, which we have no need to summarize here.

## III.

Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. *See* Third Cir. LAR 27.4; I.O.P. 10.6.